[No. 3776.   Decided December 18, 1901.]

ALLEN H. FRASER *et ux., Respondents, v.* GEORGE D.
RUTHERFORD *et al., Appellants.*

LABOR LIENS ON LOGS — FORECLOSURE — RIGHT TO COSTS.

In an action to foreclose laborers' liens on logs, an allowance
by the court of costs of suit and attorney's fees to plaintiffs is
erroneous, if there is no finding of demand for payment of claims
prior to suit, or of reasonable ground on plaintiff's part for be-
lieving that defendants would attempt to defraud them or pre-
vent the collection of their claims, since Laws 1899, p. 143, pro-
vides that in such actions no costs shall be allowed to lien hold-
ers unless demand has been made for payment of the lien claim
before commencement of suit, or unless the court shall find that
tne claimants at the time of bringing suit had reasonable ground
to believe that the holders of such logs were attempting to de-
fraud the claimants or prevent the collection of such lien.

Appeal from Superior Court, King county.— Hon WIL-
LIAM HICKMAN MOORE, Judge.   Reversed.

*J. W. Rayburn,* for appellants.

*Patterson & Easly,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Action to foreclose labor liens on logs. A
number of labor liens were consolidated, and respondents,
in their own right and as assignees, commenced this suit to
foreclose them.   A general denial to the complaint was
filed by appellants, and thereafter a supplemental answer
was made, which set out that subsequent to the commence-
ment of the action, in February, 1900, defendants Ruther-
ford and McKenzie paid to the plaintiffs the sum of
$708.45, which sum was paid by defendants and received
by plaintiffs in full satisfaction of all demands on account
of the work and labor performed by the lienors.   Plaintiffs

replied, denying the allegations of the supplemental answer. The case thereafter proceeded to trial, and the superior court, ruling that the only issue presented was upon the supplemental answer and the reply thereto of plaintiffs, made, in substance, the following findings of fact: That the defendants, Rutherford and McKenzie were engaged in the logging business in King county between March 1 and October 1, 1899; that they employed the lienors represented by plaintiffs to labor and work in their logging camp, and assist them in cutting, hauling and securing certain described logs; that there was due to plaintiffs before the commencement of the suit the sum of $708.45; that such sum was a lien on certain described logs in King county, and that such logs were still within King county. The eighth finding of fact, in substance, is that on the 19th of February, 1900, there was due plaintiffs on account of the liens the principal sum of $708.45, and the further sum of $15.50 as interest, and also the sum of $70.84, attorney's fees; that at that date the defendants agreed and did pay to plaintiffs, and plaintiffs received from said defendants, the sum of $708.45, which said sum was paid by defendants and received by plaintiffs as a part payment, only, of the amount due on account of other claims hereinbefore mentioned. At the same time it was stipulated and agreed that the question of whether any interest or any attorney's fees or any costs were due plaintiffs herein, and if so how much, should be tried and submitted to the court upon the issues raised in respect thereto by the pleadings; that, by agreement of the parties at the time, said questions were especially reserved for the determination of the court. As conclusions of law, the court declared that on the 19th of February, 1900, defendants were indebted to the plaintiffs on account of the liens in the sum of $708.45, and the further sum of $15.50 as interest, and the sum of $70.84

as attorney's fees; that upon said date they paid plaintiffs
on account thereof the sum of $708.45; that there is now
due plaintiffs from defendants, and each of them, the
sum of $86.34, and in addition thereto plaintiffs were en-
titled to recover the costs of suit.

Some exceptions were taken to the findings by appellants,
but, from an examination of the record, we are content to
accept them.  The judgment for interest, attorney's fees,
and costs was adjudged a lien upon the logs, and a sale di-
rected for the satisfaction thereof.  It is deemed unneces-
sary to specifically mention the assignments of error.  It
is not observed that the trial court's construction of the
issues presented upon the supplemental answer was error,
but the exception by appellants to the allowance of costs
of the suit and attorney's fees seems to be well founded.
The law applicable to the taxation of costs, which in this
character of action includes, as of the same nature, attor-
ney's fees, is found in the proviso of §1 of the act of March
13, 1899 (Laws 1899, p. 143), which provides as follows:

"That in no action brought under the provisions of this
act shall costs be allowed to lien holders unless the demand
has been made for payment of his lien claim before com-
mencement of suit, unless the court shall find the claim-
ants at the time of bringing action had reasonable ground
to believe that the owner or the person having control of
the property upon which such lien is claimed was attempt-
ing to defraud such claimant, or prevent the collection of
such lien."

In the present case it is admitted that there was no de-
mand for the payment of such claims before the com-
mencement of the suit, and it will be observed that the
court does not make any finding that the claimants had
reasonable ground to believe that the owner or the per-
son having control of the property upon which such lien

is claimed was attempting to defraud such claimant, or prevent the collection of the lien. The contention of counsel for respondents, that the litigation or denial of the claims after the commencement of the suit excused or obviated the necessity for a demand, is not sound. The statute seems to be clear and explicit, and its intention is that the owner of property shall not be subject to the cost of a foreclosure suit, or to attorney's fees therein, unless demand for payment has been made or unless the trial court may find that the claimant had reasonable ground to believe that the owner or person having control of the property was attempting to defraud the claimant, or to prevent the collection of the claim. There is nothing appearing in the record here indicating that there was reasonable ground for such belief.

The decree is reversed, and the cause remanded, with direction to modify the judgment so as to disallow the costs of the suit and attorney's fees to claimants. The charge of interest seems to be correct. Appellants will recover costs on appeal.

FULLERTON, DUNBAR, ANDERS and MOUNT, JJ., concur.